UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Valentin Flores Sanchez, | ) | CASE NO. 1:24 CV 1893 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Darrell A. Clay (Doc. 13) recommending that the decision of the Commissioner be affirmed. Plaintiff filed two objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

Only those facts necessary for a resolution of plaintiff's objections are set forth herein. Plaintiff Valentin Flores Sanchez ("Sanchez") filed an application for Supplemental Security Income ("SSI") on July 1, 2021, alleging disability beginning on April 1, 2018. Defendant Commissioner of Social Security ("Commissioner") denied his application initially and on reconsideration.

Sanchez requested a hearing before an Administrative Law Judge ("ALJ"). On October 12, 2023, the ALJ held an administrative hearing where Sanchez (represented by counsel) and a vocational expert ("VE") testified. On November 9, 2023, the ALJ issued a written decision finding Sanchez not disabled.

The Appeals Council denied Sanchez's request for review on September 10, 2024, making the ALJ's November 2023 decision the final decision of the Commissioner. Sanchez timely instituted this action on October 30, 2024, seeking review of the Commissioner's final decision. After review, the Magistrate Judge issued an R&R recommending that this Court affirm the Commissioner's final decision. Sanchez has now filed two objections to that recommendation.

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial

2

evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

### **ANALYSIS**

Sanchez articulates two objections to the R&R. First, Sanchez objects to the Magistrate Judge's conclusion that the ALJ properly complied with the regulations in her analysis of Sanchez's subjective complaints. Second, Sanchez objects to the Magistrate Judge's conclusion that any factual mistake in the ALJ's analysis of Sanchez's daily activities was a harmless error. Neither objection is well-taken.

1. The ALJ's Consideration of Sanchez's Subjective Complaints

Sanchez contends that the ALJ failed to adequately explain how substantial evidence contradicted Sanchez's subjective complaints of low back and neck pain and limited use of his left ankle and swelling of his right knee, which affect his ability to climb stairs, stand for more than ten

3

minutes, and walk more than about half a block. 20 C.F.R. § 416.929(c)(3) outlines several factors an ALJ should consider when evaluating a claimant's subjective symptom complaints. Sanchez contends that the ALJ failed to address and consider these factors.

As the Magistrate Judge pointed out, however, the ALJ's opinion did sufficiently consider the 20 C.F.R. § 416.929(c)(3) factors and did adequately explain how substantial record evidence contradicted Sanchez's subjective complaints. Specifically, the Magistrate Judge explained that the ALJ's opinion (1) cited normal findings from Sanchez's physical examinations; (2) mentioned that Sanchez's symptoms were controlled by a conservative treatment plan; and (3) noted that Sanchez's subjective complaints were almost entirely inconsistent with the medical opinions.

Sanchez does not contend that any of this evidence is incorrect or not present in the ALJ's opinion. Rather, Sanchez seems to suggest that the ALJ needed to include a more explicit analysis in her opinion. She did not. As the Magistrate Judge correctly cited, the ALJ is not required to explicitly discuss all 20 C.F.R. § 416.929(c)(3) factors, so long as the opinion evinces that the ALJ considered the relevant evidence. (*See* Doc. 13, at 9 (citing *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005)).) Nor is an ALJ "required to accept a claimant's subjective symptom complaints . . . when it is inconsistent with objective medical and other evidence." *Evans v. Comm'r of Soc. Sec.*, 2020 WL 6064112, at *13 (N.D. Ohio Oct. 14, 2020) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475–76 (6th Cir. 2003)). Further, the ALJ's opinion is to be read as a whole and "there is no requirement that the ALJ incorporate all the information upon which [s]he relied into a single tidy paragraph." (Doc. 13, at 11 (quoting *Evans*, 2020 WL 6064112, at *13).)

For these reasons, Sanchez's first objection to the R&R is OVERRULED.

### 2. Any Error in the ALJ's Analysis of Sanchez's Daily Activities Was Harmless

The ALJ also analyzed Sanchez's daily activities as part of her evaluation of his subjective complaints and concluded that Sanchez's daily activities were inconsistent with those complaints. On review, the Magistrate Judge determined that this conclusion was not adequately explained, but that this error was harmless because there was otherwise substantial evidence supporting the ALJ's ultimate conclusion discounting Sanchez's subjective complaints. (Doc. 13, at 16 (citing *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013)).)

In his second objection, Sanchez urges this Court to reject the Magistrate Judge's finding that the ALJ's inadequate analysis of Sanchez's daily activities was a harmless error. Without citing any on-point case law, Sanchez contends that the Magistrate Judge relied on non-controlling, outdated case law (*Kirkland*) in finding substantial evidence excuses an ALJ's failure to properly consider one of the 20 C.F.R. § 416.929(c)(3) factors.[1]

Having reviewed the relevant case law, this Court finds that the Magistrate Judge relied on valid precedent in the R&R. The ALJ's failure to properly explain how Sanchez's daily activities were inconsistent with his subjective complaints was—if anything—a mistaken factual finding. The ALJ did not misapply any legal principle. In the Sixth Circuit, "harmless error analysis" applies in this context and, as long as "the ALJ's decision is supported by substantial evidence, . . . reversal [is

---

[1] Sanchez cites one case to support his contention: an unpublished opinion from the Western District of Kentucky, which includes in its "Standard of Review" the general proposition that "'failure to follow agency rules and regulations' constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record." (Doc. 14, at 6 (quoting *Sunshine K. v. Comm'r of Soc. Sec.*, 2025 WL 903838, at *3 (W.D. Ky. Mar. 25, 2025) (citing *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011))).) The *Sunshine K.* opinion did not address *Kirkland* or the issue at hand: whether substantial evidence can excuse as harmless error an ALJ's failure to properly consider one of the 20 C.F.R. § 416.929(c)(3) factors.

not] warranted even if substantial evidence would support the opposite conclusion." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

As the Magistrate Judge noted, and as is discussed above, the ALJ's conclusion discounting Sanchez's subjective complaints was supported by substantial evidence. (Doc. 13, at 16 (citing *Kirkland*, 528 F. App'x at 427 ("Medical opinions, plus the lack of objective medical evidence, provide substantial evidence for the ALJ's credibility finding.")).) Thus, remand is not warranted based on any factually erroneous analysis of Sanchez's daily activities.

For these reasons, Sanchez's second objection to the R&R is OVERRULED.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                       s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Judge

Dated: 8/5/25